Barber v. State.

Opinion delivered June 24, 1907.

TRIAL—DIRECTING VERDICT.—Under an indictment of one for failure to work a public road after being warned to do so, it was error to direct a verdict of guilty where under the evidence it was a disputed question whether defendant lived in the district in which he was warned to work.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant was indicted and convicted of failing to work the public road in road district No. 6 in Polk County, Arkansas, was fined in the sum of five dollars, and appealed to this court.

On behalf of the State, the evidence showed that T. J. Edwards was road overseer of road district No. 6 in Big Fork Township in Polk County, Arkansas, that on the 22d day of August, 1906, he warned appellant, by leaving a written notice at his place of abode, to work the road in district No. 6 on the 31st day of August and the 1st day of September, 1906. Appellant told the witness that he was subject to road duty in Big Fork Township. Appellant did not work the road. Witness did not know whether appellant was a *"liner"* or not; he lived close to the line, about thirty or forty yards from the line. This witness first testified that appellant lived in Big Fork Township in witness' road district. Then he testified that he never surveyed the line, and did not see it surveyed, and did not know whether appellant lived in witness' road district or in district No. 7 over which Strickland was overseer. Witness did not know where the line was. Appellant did not work or furnish a substitute, or pay for the time he was warned by overseer Edwards to work.

On behalf of appellant, witness Strickland testified that he was road overseer of road district No. 7 adjoining road district in which Edwards was the overseer. Witness knew where appellant lived at the time Edwards was overseer in the adjoining district. Appellant lived right on the line between the two districts; he was warned by witness to work in the district in which witness was overseer, and worked two days in August, 1906. This witness first testified that appellant's house was on the Big Fork Township side of the line. He afterwards testified that the line ran through appellant's house; that most of appellant's house was inside of the Big Fork Township line. Then he said, the line was "right at the house, right up against the house." Witness then said: "I don't know as the line runs through the house. It runs right up to the house. I am satisfied; I am told; I have never seen it run."

Appellant testified that he moved to the place where he was living not long before Strickland warned him to work the road. He did not know where the line was. Strickland warned him,

and said he was in that township and belonged in his (Strickland's) road district. Appellant denied telling Edwards that he lived in Edwards's district. It was agreed that road district No. 6 composed Big Fork Township. Upon this evidence the court instructed the jury to return a verdict of guilty, to which ruling of the court appellant excepted.

Appellant asked the court to instruct the jury that: "If the defendant lived in or near the line between road district Nos. 6 and 7, and if he was informed by the overseer of district No. 7 that he lived in that district, and was warned to work in that district, and did work the regular time in district No. 7, then he would not be guilty on account of the fact that he failed to work in district No. 6." The court refused this request for instruction, to which ruling of the court appellant duly excepted. The exceptions were properly preserved in a motion for new trial, which was overruled.

*Norwood* and *Alley*, for appellant.

Under section 7298, Kirby's Digest, no person shall be required to work more than two days in any one month. Appellant had already worked two days.

*Wm. F. Kirby*, Attorney General, and *Dan'l Taylor*, Assistant, for appellee.

The question should have been submitted to a jury.

Wood, J., (after stating the facts.) We agree with the Attorney General that the testimony did not warrant the court in directing the jury to return a verdict of guilty. To sustain a conviction under the indictment, it was necessary for the State to show that appellant had resided in road district number six, or Big Fork Township, ten days previous to the time he was warned to work. Section 7267, Kirby's Digest.

It is not established beyond a reasonable doubt that appellant did so reside. While the witnesses in a general way do so testify, yet, taking their testimony as a whole, it shows that this was mere matter of opinion on their part. For they testify that they did not know of their own knowledge where the line was, that what they knew was hearsay, and they show the line was not definitely established, even by hearsay. It was certainly a question of fact for the jury as to whether or not appellant

was guilty of the crime charged, and the court erred in directing the verdict of conviction.

The court did not err in overruling appellant's request for instruction.

Reversed and remanded for new trial.